UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the Chapter 7 Trustee | ) ) | AP NO. 17-3070 |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARROLL F. COGAN, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

**MEMORANDUM-OPINION**

This matter is before the Court on the Motion for Summary Judgment of Defendant Martin G. Cogan ("MC"), in his individual capacity. The Court considered MC's Motion for Summary Judgment, the Response of Robert W. Keats, as the Chapter 7 Trustee ("Trustee") for the bankruptcy estate of Bullitt Utilities, Inc. ("BU") to MC's Motion for Summary Judgment, the Reply of MC to the Response of the Trustee and comments of counsel for the parties at the hearing held on the matter. For the following reasons, the Court will grant MC's Motion for Summary Judgment.

**PROCEDURAL AND FACTUAL BACKGROUND**

In 1976, BU, a Kentucky corporation, owned and operated wastewater treatment plants in Bullitt County, Kentucky, including a facility that provided wastewater treatment services to the residents of Hunters Hollow Residential Development.

The Bullitt County Sanitation District ("BCSD") provides sewer services to the citizens of Bullitt County, Kentucky. The BU wastewater treatment system was completely surrounded by the BCSD.

Carroll Cogan, MC's father, was the sole shareholder of BU. He also served as President and as a Director of BU until his death on September 7, 2017.

Doris Cogan, MC's mother, served as Secretary and as a Director of BU until her resignation in July 2015.

In the 2011 Annual Report of BU filed with the Kentucky Secretary of State, MC was listed as the Vice-President of BU, but his name was removed from the Annual Report in an Amended 2011 Annual Report filed on November 7, 2011. MC has not been listed in any subsequent annual reports, nor are there any corporate records, including minutes of shareholders' meetings bearing his signature as having participated as an officer or director of BU since 2011.

MC has never been paid or compensated as a Director of BU, never loaned money to BU and at all times relevant to the Complaint, did not attend or participate in any meetings of the Directors or Shareholders of BU.

On March 29, 2014, the BU Wastewater Treatment Plant at Hunters Hollow suffered a catastrophic failure, which resulted in 250,000 gallons of raw and untreated sewage wastewater being discharged into a public waterway in and around Hunters Hollow, Kentucky. There is no dispute that the failure was caused by a structural defect, not lack of maintenance by BU. (See Report of Chris Crumpton attached as Exhibit 2 to MC's Motion for Summary Judgment.) Following this event, BU retained 25 different companies and individuals to respond to the failure

over the next 18 months. BU incurred costs of approximately $3.4 million while only paying out approximately $700,000 on those claims.

On July 17, 2014, BU petitioned the Public Service Commission ("PSC") to approve a surcharge of BU's customers above the current rate paid for wastewater treatment services. The purpose of the surcharge was to alleviate the increasing expenses of responding to the wastewater treatment plant's failure.

On August 21, 2015, BU applied to the PSC to abandon the Hunters Hollow Wastewater Treatment Plant because it could not pay its creditors or borrow additional funds.

On August 31, 2015, the PSC authorized the abandonment of BU's assets necessary to provide wastewater treatment services and filed an action in which the Bullitt County Sanitation District ("BCSD") was appointed the Receiver for BU. After appointment of BCSD as the Receiver, the PSC dismissed BU from the surcharge proceeding. BCSD then requested dismissal of the surcharge case and on December 15, 2015 it was dismissed.

On December 18, 2015, BU's two largest creditors, Perdue Environmental Contracting Company, Inc. ("PECCO") and Veolia Water Solutions and Technologies, North America, Inc. ("Veolia") filed an Involuntary Chapter 7 Petition against BU.

On December 29, 2015, the Trustee was appointed as the Interim Trustee of BU in the bankruptcy proceeding.

On December 1, 2017, the Trustee filed a Complaint in Adversary Proceeding Case No. 17-03072 against BCSD for breach of contract and breach of fiduciary duties owed to BU and its creditors. Following a trial on all claims in the adversary proceeding, on April 30, 2019 this Court

entered Judgment in favor of BU and against BCSD on all claims of its Complaint in the amount of $2,789,436.23.

On November 22, 2017, the Trustee instituted this adversary proceeding against Defendant Carroll F. Cogan, Doris M. Cogan, MC, Christopher Cogan, Lawrence Smither, Covered Bridge Utilities, Inc., Camden Environmental Services Co., Inc., CFA Sunnyview, LLC and Tigers and Rockets, LLC.[1]

This Memorandum-Opinion addresses only MC's Motion for Summary Judgment in his individual capacity. In the Complaint, the Trustee asserts that MC was a Director of BU, an insider of BU and a relative of officers and directors of BU under 11 U.S.C. § 101(32). The Trustee also asserts MC is one of nine members of Defendant Sunnyview, which is a beneficiary of a $145,500 Promissory Note.

Count I of the Complaint asserts a claim against MC alleging that MC with other Defendants, was a Director of BU and breached his fiduciary duties to act in the best interest of the corporation and its creditors to preserve and enhance the corporate value of BU.

In Count II, the Trustee asserts that MC and other Defendants, as Directors are liable for the debts of BU. The Trustee asserts that based on MC's actions as a Director, the Trustee is entitled to pierce the corporate veil to impose liability on the individual defendants.

All claims in the Complaint asserted against MC are based on two theories. The first is that MC was a Director of BU and as such he owed fiduciary duties to BU and its creditors. The second

---

[1] Defendants Lawrence Smither, Covered Bridge Utilities, Inc. and Camden Environmental Services Co., Inc. were dismissed pursuant to a Joint Motion to Dismiss and Order entered October 17, 2019.

is that MC is liable as an insider under 11 U.S.C. § 101(31) of the United States Bankruptcy Code. Neither theory can succeed based upon the law and the undisputed facts of this case.

## LEGAL ANALYSIS

MC seeks an Order granting summary judgment in his favor on all claims asserted against him in the Complaint under Fed. R. Civ. P. 56(c), made applicable to adversary proceedings through Bankr. R. Civ. P. 7056. Under that Rule, the Court must grant summary judgment to the moving party if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. The movant must demonstrate to the Court that the non-movant's evidence is insufficient to establish an essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Thereafter, the non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), quoting Fed. R. Civ. P. 56(e). Where the record taken as a whole could not lead a rational fact finder to rule for the non-movant, there is no genuine issue for trial. *Id.* Here, MC has established that there is insufficient evidence to establish essential elements of the Trustee's claims against MC entitling him to summary judgment as a matter of law and the Trustee has failed to come forward with specific facts showing there is a genuine issue for trial.

    I.    <u>Insufficient Evidence Exists to Establish a Claim that MC was an Officer and/or Director of BU and Therefore Owed a Fiduciary Duty to BU and its Creditors.</u>

The Trustee asserts that MC is liable to BU and its creditors based on breach of his fiduciary duties as a Director of BU. In order to establish a claim for breach of fiduciary duty the Trustee must show (1) defendant owed plaintiff a fiduciary duty; (2) defendant breached that duty; and (3) plaintiff suffered damages as a result of the breach. *HNRC Dissolution Co. v. Community Trust*

*Bank (In re HNRC Dissolution Co.)*, 549 B.R. 469, 483 (Bankr. E.D. Ky. 2016).  Initially, in Count I, the Trustee asserts that MC owed a fiduciary duty to BU and its creditors based on his capacity as a Director of BU.

The proof set forth by MC in his Motion for Summary Judgment establishes that the claims asserted in the Complaint are based on actions taken after the failure of the wastewater treatment plant in March of 2014.  The documents of record establish that MC was a Director and listed as Vice President in BU's 2011 Annual Report filed with the Kentucky Secretary of State.  However, MC's name was removed as a Vice President and Director in an Amended 2011 Annual Report filed with the Kentucky Secretary of State on November 7, 2011.  The evidence of record demonstrates that MC was never compensated as a Director of BU, nor did he ever invest in BU or loan money to BU.  Furthermore, there is no evidence relevant to the time frame for the claims asserted in the Complaint that MC attended or participated in any Director or Shareholder meetings of BU.

In its own Motion for Summary Judgment, the Trustee asserts that the Defendants, including MC, owed the creditors of BU a duty to act with diligence and in good faith.  The Trustee cites to *Baptist Physicians Lexington, Inc. v. New Lexington Clinic, P.S.C.*, 436 S.W.3d 189 (Ky. 2013), in support of the claim that officers and directors of corporations in Kentucky have both statutory and common law duties (see p. 18 of Trustee's Motion for Summary Judgment, Dkt. 59).  The record simply does not support the Trustee's claims that MC was an officer or director of BU at all relevant times set forth in the Complaint.  The Trustee's deposition testimony set forth in MC's Motion for Summary Judgment establishes that the Trustee lacks the evidence to support these claims.  See pp. 19-22 of Memorandum in Support of MC's Motion for Summary Judgment.

In the course of discovery in this case, the Trustee requested the corporate records of BU for the time period of 2009 to the present. The wastewater treatment plant failure occurred in 2014. The Minutes of the corporation that were filed as Exhibits to the Motions do not establish that MC was a Director.

The only document the Trustee has in support of its claim that MC was an officer and director of BU at the relevant times listed in the Complaint is the August 26, 2015 Minutes of BU which states as follows:

> The resignation of Doris M. Cogan and Martin Cogan from the Board of Directors of Bullitt Utilities, Inc., and any other positions they may have held with Bullitt Utilities, Inc. was discussed. On motion duly made, seconded and unanimously carried, the following resolutions were adopted.
>
>> RESOLVED, that the resignations of Doris M. Cogan and Martin Cogan from their positions as members of the Board of Directors of Bullitt Utilities, Inc. and any other positions they may have held with Bullitt Utilities, Inc. were accepted as written.
>
> There being no further business to come before the meeting, the same was adjourned by unanimous consent.

See Exhibit B to Trustee's Response to the Motion for Summary Judgment.

The Trustee contends that this document alone supports their claim that a material issue of fact exists as to whether MC was a Director of BU. The document itself was signed by "Carroll F. Cogan, by Christopher C. Cogan, Attorney-in-Fact for Carroll F. Cogan." There is no evidence that Martin Cogan attended this meeting, much less in the capacity as an officer or director.[2] More compelling, is the fact that there is no evidence of any actions taken by MC as a Director or Officer

---

[2] In his Reply, MC contends that at any trial of this matter, this document is hearsay under KRE 803(6) and KRE 901 and is inadmissible. The Court declines to preliminary rule on this issue as it is not necessary for resolution of the Summary Judgment Motion.

of BU that either benefitted him personally or resulted in any detriment to BU or its creditors. Thus, even if the Trustee could prove that MC was a Director or Officer of BU at all times relevant to the Complaint, there is no evidence of any breach of any fiduciary duty by MC.

The Trustee had the burden of demonstrating probative evidence of the following: (1) MC's status as an officer and/or director of BU; and (2) that he breached his fiduciary duties to act in the best interest of the corporation and its creditors. The Trustee failed to provide sufficient evidence of a genuine issue of material fact indicating that either MC was an officer and/or director or that even if he was an officer and/or director, that he breached his fiduciary duties. Thus, MC is entitled to summary judgment on this claim.

    II.    Insufficient Evidence Exists to Establish Any Legal Justification for Piercing the Corporate Veil of BU.

Kentucky courts view veil piercing as an equitable remedy that allows a court to impose personal liability on otherwise immune corporate officers, directors and shareholders for the corporation's wrongful acts. *Howland v. Beads and Steeds Inns, LLC (In re Howland)*, 516 B.R. 163, 167 (Bankr. E.D. Ky. 2014). It is an equitable remedy, not a separate cause of action. *Id.*, citing *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 211 (Ky. App. 2009). Regardless, there is no evidence to support any claim of liability against MC set forth in the Complaint on this basis.

The Trustee relies on *Intel Technologies, Inc. v. Linn Station Properties, LLC*, 360 S.W.3d 152, 165 (Ky. 2012). In that case, the Kentucky Supreme Court explained the doctrine of piercing the corporate veil as follows:

> The Kentucky trial court may proceed under the traditional alter ego formulation or the instrumentality theory because the tests are essentially interchangeable. Each resolves to two dispositive elements: (1) domination of the corporation resulting in

>a loss of corporate separateness and (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice.

*InTel Technologies*, 360 S.W.3d at 165.

Given the absence of evidence to support a claim that MC was a Director or Officer of BU during the relevant time period asserted in the Complaint, the Trustee must establish that MC's relationship as a relative of officers and directors of BU meets the requirements of an insider under 11 U.S.C. § 101(31). While the evidence supports that MC could be defined as an "insider", there clearly is no evidence to support a claim of veil piercing against MC. There is no evidence that MC was a shareholder or officer, undertook any actions on behalf of BU, much less controlled the corporation, was paid by the corporation or in any way benefitted from BU after its insolvency.

The Court sees no basis for the Trustee's assertion that MC's actions or inactions were detrimental to the creditors of BU. The Trustee refers to pp. 21-22 of its own Motion for Summary Judgment against the Defendants, DKT 59, in support of its claims. Again, these allegations are premised on MC's status as a director or officer of BU and the statutory and common law duties flowing from those positions. The evidence of record, however, does not support a finding that MC was a director or officer at all times relevant to the Complaint. The Trustee's reliance on the August 26, 2015 Minutes accepting MC's resignation does not prove this either, particularly in light of the paucity of evidence indicating MC's actions in any way benefitted himself in any way or resulted in a detriment to any creditor.

MC is an environmental engineer and holds a master's degree in engineering from the University of Louisville Speed School of Engineering. He acknowledged that he did, on occasion assist his father and gave advice on environmental issues. Nothing in the record, however, demonstrates or even suggests that these occasional actions were ever in the capacity as an officer

or director of BU or resulted in some kind of benefit, monetary or otherwise, to himself. There is nothing before the Court that would indicate any continued recognition of the corporate form would sanction fraud or promote any injustice in this case based on any actions of MC. For these reasons, summary judgment in favor of MC on Count II of the Complaint is appropriate.

## CONCLUSION

For all of the above reasons, the Court will **GRANT** the Motion of Martin Cogan for summary judgment against all claims asserted against him by the Trustee Robert W. Keats, as the Chapter 7 Trustee of Bullitt Utilities, Inc.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 10, 2020

# UNITED STATES BANKRUPTCY COURT
# FOR THE
# WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BULLITT UTILITIES, INC. ) | CASE NO. 15-34000(1)(7) |
| ) | |
| Debtor(s) ) | |
| ) | |
| ROBERT W. KEATS, as the ) | AP NO. 17-3070 |
| Chapter 7 Trustee ) | |
| ) | |
| Plaintiff(s) ) | |
| ) | |
| v. ) | |
| ) | |
| CARROLL F. COGAN, *et al.* ) | |
| ) | |
| Defendant(s) ) | |

## ORDER

This matter having come before the Court on the Motion for Summary Judgment of Defendant Martin G. Cogan, in his individual capacity, as to all claims asserted against him in the Complaint filed by Plaintiff Robert W. Keats, as the Chapter 7 Trustee of Bullitt Utilities, Inc., be and hereby is, **GRANTED**. There are no genuine issues of material fact and Defendant Martin G. Cogan is entitled to summary judgment as a matter of law.

_____
Joan A. Lloyd
United States Bankruptcy Judge
Dated: January 10, 2020