# UNITED STATES BANKRUPTCY COURT
## FOR THE
## WESTERN DISTRICT OF KENTUCKY

IN RE:                                    )
                                          )
    BULLITT UTILITIES, INC.               )          CASE NO.  15-34000(1)(7)
                                          )
                Debtor(s)        )
                                          )
    ROBERT W. KEATS, as the               )          AP NO.  17-3070
    Chapter 7 Trustee                     )
                                          )
               Plaintiff(s)     )
                                          )
    v.                                    )
                                          )
    CARROLL F. COGAN, *et al.*            )
                                          )
            Defendant(s)    )

## MEMORANDUM-OPINION

This matter is before the Court on the Motion for Summary Judgment of Defendants Doris M. Cogan, Christopher G. Cogan, CFA Sunnyview, LLC, Tigers and Rockets, LLC and Martin Cogan, Executor of the Estate of Carroll G. Cogan.  (DKT 60).  The Court considered the Motion for Summary Judgment of the Defendants, the Response of the Trustee to the Defendants' Motion for Summary Judgment (DKT 65), the Reply to the Response to the Motion for Summary Judgment of the Defendants (DKT 72), and the comments of counsel for the parties at the hearing held on the matter.  For the following reasons, the Court will **GRANT** the Defendants' Motion for Summary Judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

In 1976, Bullitt Utilities, Inc. ("BU"), a Kentucky corporation, owned and operated wastewater treatment plants in Bullitt County, Kentucky, including a facility that provided wastewater treatment services to the residents of Hunters Hollow Residential Development.

The Bullitt County Sanitation District ("BCSD") provides sewer services to the citizens of Bullitt County, Kentucky.  The BU wastewater treatment system was completely surrounded by the BCSD.

Carroll Cogan, ("Carroll"), was the sole shareholder of BU.  He also served as President and as a Director of BU until his death on September 7, 2017.

Doris Cogan, ("Doris"), served as Secretary and as a Director of BU until her resignation from both positions in July 2015.

Martin Cogan ("Martin"), the son of Carroll and Doris, was listed as the Vice-President of BU in the 2011 Annual Report filed with the Kentucky Secretary of State, but his name was removed from the Report in an Amended 2011 Annual Report filed on November 7, 2011.  Martin has not been listed in any subsequent annual reports, nor are there any corporate records, including minutes of shareholders' meetings bearing his signature as having participated as an officer or director of BU since 2011.

Christopher Cogan ("Chris"), served as Carroll's power-of-attorney ("POA") executed by Carroll on May 14, 2014.  Chris was never an officer, director or shareholder of BU.

CFA Sunnyview, LLC ("Sunnyview") is a limited liability company.  Chris is the managing member of Sunnyview and Martin is a member of Sunnyview.

Tigers and Rockets, LLC ("TR") is a Florida limited liability company.  Chris is the managing member of TR.

On March 29, 2014, the BU Wastewater Treatment Plant at Hunters Hollow suffered a catastrophic failure, which resulted in 250,000 gallons of raw and untreated sewage wastewater being discharged into a public waterway in and around Hunters Hollow, Kentucky.  There is no dispute that the failure was caused by a structural defect, not lack of maintenance by BU.  (See Report of Chris Crumpton attached as Exhibit 2 to Martin's Motion for Summary Judgment.) Following this event, BU retained 25 different companies and individuals to respond to the failure over the next 18 months.  BU incurred costs of approximately $3.4 million while only paying out approximately $700,000 on those claims.

One of the companies contacted by BU to respond to the plant's failure was Perdue Environmental Contracting Company, Inc. ("PECCO").  Chris as Carroll's POA, contracted with PECCO which installed a mobile wastewater treatment plant for treating approximately 160,000 to 180,000 gallons per day ("gpd") of wastewater, which was modified to treat approximately 200,000 gpd.

BU also entered into an oral contract with BCSD whereby it would connect with BU's system and accept and treat approximately 60,000 gpd of wastewater.  BCSD treated BU's overflow for a short period of time and then ceased accepting BU's overflow.

Due to BCSD's breach of its oral agreement with BU, BU then contracted with Veolia Water Solutions and Technologies North America, Inc. ("Veolia") to provide its mobile wastewater treatment plant to assist with treatment of the overflow generated at the Hunters Hollow collection system.

On July 17, 2014, BU petitioned the Public Service Commission ("PSC") to approve a surcharge of BU's customers above the current rate paid for wastewater treatment services. The purpose of the surcharge was to alleviate the increasing expenses of responding to the wastewater treatment plant's failure.

Unable to obtain traditional bank financing or governmental grants to assist with paying the increasing costs of responding to the failure of BU's wastewater treatment plant, BU obtained loans from Sunnyview, TR, and Doris in an approximate amount of $684,000.

On August 21, 2015, BU applied to the PSC to abandon the Hunters Hollow Wastewater Treatment Plant because it could not pay its creditors or borrow additional funds.

On August 31, 2015, the PSC authorized the abandonment of BU's assets necessary to provide wastewater treatment services and filed an action in which the BCSD was appointed the Receiver for BU. After appointment of BCSD as the Receiver, the PSC dismissed BU from the surcharge proceeding. BCSD then requested dismissal of the surcharge case and on December 15, 2015 it was dismissed.

On December 18, 2015, BU's two largest creditors, PECCO and Veolia filed an Involuntary Chapter 7 Petition against BU.

On December 29, 2015, the Trustee was appointed as the Interim Trustee of BU in the bankruptcy proceeding.

On December 1, 2017, the Trustee filed a Complaint in Adversary Proceeding Case No. 17-03072 against BCSD for breach of contract and breach of fiduciary duties owed to BU and its creditors. Following a trial on all claims in the adversary proceeding, on April 30, 2019 this Court

entered Judgment in favor of BU and against BCSD on all claims of its Complaint in the amount of $2,789,436.23.

On November 22, 2017, the Trustee instituted this adversary proceeding against Defendants Carroll, Doris, Martin, Chris, Lawrence Smither, Covered Bridge Utilities, Inc., Camden Environmental Services Co., Inc., Sunnyview and TR.[1]

This Memorandum-Opinion addresses the Motion for Summary Judgment of Defendants Doris, Chris, Sunnyview, TR and Martin as the Executor of the Estate of Carroll.  In the Complaint, the Trustee alleges the following claims: (1) that the directors and officers of BU breached the fiduciary duty owed to BU's creditors when it became insolvent; (2) that BU's corporate veil should be pierced; and (3) that promissory notes payable to Doris, Sunnyview and TR should be subordinated.

For the following reasons, the Defendants are entitled to summary judgment as a matter of law on all claims asserted in the Complaint.

## LEGAL ANALYSIS

The Defendants seek an Order granting summary judgment in their favor on all claims asserted against them in the Complaint under Fed. R. Civ. P. 56(c), made applicable to adversary proceedings through Bankr. R. Civ. P. 7056.  Under that Rule, the Court must grant summary judgment to the moving party if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.  The movant must demonstrate to the

---

[1]Defendants Lawrence Smither, Covered Bridge Utilities, Inc. and Camden Environmental Services Co., Inc. were dismissed pursuant to a Joint Motion to Dismiss and Order entered October 17, 2019.

Court that the non-movant's evidence is insufficient to establish an essential element of the non-movant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Thereafter, the non-movant "must come forward with 'specific facts showing there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986), quoting Fed. R. Civ. P. 56(e). Where the record taken as a whole could not lead a rational fact finder to rule for the non-movant, there is no genuine issue for trial. *Id.* Here, the Defendants have established that there is insufficient evidence to establish essential elements of the Trustee's claims against them entitling them to summary judgment as a matter of law. The Trustee has failed to come forward with specific facts showing there is a genuine issue for trial on any of the claims asserted in the Complaint. Thus, summary judgment is appropriate on all claims asserted against the Defendants by the Trustee.

      I.      Insufficient Evidence Exists to Establish a Claim that the Defendants Owed or Breached any Fiduciary Duties to BU and its Creditors.

As Trustee of the Debtor's bankruptcy estate, the Trustee stands in the shoes of the Debtor and assumes causes of actions that belong to the Debtor. *Butner v. U.S.*, 440 U.S. 48 (1979); *Howland v. Beads and Steeds Inns., LLC (In re Howland)*, 516 B.R. 163 (Bankr. E.D. Ky. 2014). Also by virtue of 11 U.S.C. § 544, the Trustee also stands in the shoes of judgment creditors. With respect to the claims for breach of fiduciary duty owed by directors and officers to creditors, such an action may only be based upon acts or omissions that occurred after insolvency. Once insolvency occurs, the officers and directors no longer represent the stockholders, but instead they become trustees for the creditors. *See Fed. Deposit Ins. Corp. v. Sea Pines Co.*, 692 F.2d 973, 976-77 (4th Cir. 1982).

In this case, the Trustee states that the date of BU's insolvency was the date the wastewater treatment failed, March 29, 2014.

The Trustee claims that Carroll, Doris and Chris breached their fiduciary duties on behalf of BU and its creditors.  In order to establish a claim of breach of fiduciary duty the Trustee must show: (1) the defendant owed plaintiff a fiduciary duty; (2) defendant breached that duty; and (3) plaintiff suffered damages as a result of the breach.  *In re HNRC Dissolution Co.*, 549 B.R. 469, 483 (Bankr. E.D. Ky. 2016).

Chris was not a director or officer of BU, but acted by virtue of a Durable Power-of-Attorney executed by Carroll on May 14, 2014.  Any actions taken by Chris on behalf of BU were in his capacity as attorney-in-fact for Carroll, the Director of BU.  As the holder of the POA, Chris owed a fiduciary duty to his principal, Carroll.  Chris cannot be held liable to the creditors of BU as his status as attorney-in-fact for Carroll, does not create a fiduciary duty to BU or its creditors.  As the attorney-in-fact, his only fiduciary duty was to his principal, not to third parties.  *See, e.g., Aristocrat Lakewood Nursing Home v. Mayne*, 729 N.E.2d 768, 784.  Thus, there is no evidence that would support a claim of breach of fiduciary duty against Chris as a matter of law.

The only way Chris could be held liable for breach of fiduciary duty as the agent of Carroll, would be if he owed a separate duty to BU and its creditors.  Such a claim could only be derived from tort, or contract law, or promises of the agent intended to benefit a third party which would give rise to an independent duty to a third party.  *See* Restatement (3d) of Agency, § 7.02 (2006). In this case, however, there are no facts put forth by the Trustee that show that Chris undertook or owed any separate duty to BU or its creditors.  His actions in this case were only taken as Carroll's

attorney-in-fact.  Without any evidence that Chris owed a separate duty to BU or its creditors, the breach of fiduciary duty claim against him fails as a matter of law.

Doris only served as an officer and director of BU until her resignation in July 2015.  After that point, Doris did not owe a fiduciary duty to BU or its creditors.  Thus, the only time Doris owed a fiduciary duty to BU or its creditors was from the date of insolvency, March 29, 2014 to July of 2015.

Similarly, Carroll, as a Director of BU, owed a fiduciary duty to BU or its creditors from the date of insolvency, March 29, 2014 to May 14, 2014, the date his Durable Power-of-Attorney was executed in favor of Chris.

In paragraph 70 of the Complaint, the Trustee contends that the Defendants breached their fiduciary duties to BU and the creditors of BU by retaining vendors to handle the failure of the wastewater treatment plant knowing BU could not pay them.  The Trustee also claims that the Defendants breached their fiduciary duty by intentionally misrepresenting to BU's creditors that it would borrow money to get them paid and that they did not invest sufficient capital to allow BU to operate sufficiently.  The Trustee asserts that the Defendants failed to find a permanent solution to the plant's failure at the expense of BU's creditors.

The Defendants rely on the business judgment rule in defense of the allegations in paragraph 70 of the Complaint.  The business judgment rule is "a presumption that in making a business decision, not involving self-interest, the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action taken was in the best interests of the company." *Allied Ready Mix Co., Inc. ex rel. Mattingly v. Allen*, 994 S.W.2d 4, 8 (Ky. App. 1998), quoting *Spiegel v. Buntrock*, 571 A.2d 767, 774 (Del. 1990).  Here, there is no evidence involving any self-

dealing or decisions made involving self-interest of any of the Defendants that would rebutt the presumption that the directors acted in the best interest of BU.  In general, courts will not interfere with the management of a majority unless there is actual fraud, or such a wasting of corporate property as practically amounts to fraud.  *Cumberland Public Co. v. Adams Real Estate Corp.*, 432 S.W.2d 808, 812 (Ky. 1968).  The allegations of paragraph 70 are not supported by the record.  The Trustee has failed to provide sufficient evidence that would rebutt the presumption of the business judgment rule.

The Promissory Notes of Doris, Sunnyview and TR evidencing their loans to BU, establish that they did not benefit any of the individual Defendants.  The funds loaned were used to pay creditors.  There is no evidence that would support claims of self-dealing or any kind of fraud or benefit to the Defendants individually by these loans.

There also is no evidence that BU's creditors suffered damages as a result of any alleged breach of fiduciary duty owed by these Defendants.  The failure of the wastewater treatment plant was not the fault of the individual Defendants, nor was it caused by the insolvency of BU.  In fact, the opposite is true, the failure caused the insolvency.

The actions of the individual Defendants, Doris, Carroll and Chris do not support a claim of a breach of any fiduciary duty.  In any event, such actions as the record exists, are clearly protected by Kentucky's business judgment rule and summary judgment on these claims is appropriate as a matter of law.

The Trustee's claims that the Defendants caused greater insolvency by their actions amounts to a claim of "deepening insolvency."  Although this is an evolving area of bankruptcy law, such claims are not recognized in this jurisdiction.  The Court has not found support for such a claim in

this jurisdiction and there are a number of courts that have raised serious doubts about its viability. *See In re Amcast Indus. Corp.*, 365 B.R. 91 (Bankr. S.D. Ohio 2007). In *Amcast*, the bankruptcy court rejected the deepening insolvency theory as redundant of other causes of actions recognized under state law, inconsistent with principles of fiduciary responsibility, as well as the business judgment rule. *See also In re Propex, Inc.*, 415 B.R. 321, 327 (Bankr. E.D. Tenn. 2009), wherein the court specifically rejected the soundness of the deepening insolvency theory applied in situations where allegations of deepening insolvency were caused by ordinary loans to a corporation. The Court acknowledged a growing realization that such loans do not in themselves cause deepening insolvency, and that such a claim could only succeed if the complainant was to show the lender took over control of the operations of the debtor and then breached its fiduciary duties to the debtor. Such is clearly not the case presented here. The Court declines to recognize the Trustee's claims of "deepening insolvency" against any of the Defendants herein.

Nothing the Trustee has put forth in support of either the Complaint or his Response to the Defendants' Motions for Summary Judgment establish that any of the creditors' claims were increased or in fact caused by the Defendants' actions.

Furthermore, even if such a duty exists, there is no evidence that the Defendants' actions breached any fiduciary duty. There is no evidence that any of the Defendants' actions caused the creditors damages, much less worsened their positions as creditors in this case. There has been no credible evidence to establish that the Defendants personally benefitted financially from the wastewater treatment plant's failure. Their efforts in using funds loaned from Doris, TR and Sunnyview, in no way benefitted these Defendants over any other creditor. Rather, it only gave them claims in the bankruptcy and in some instances lessened the amount of some creditors' claims

who received payments from the money loaned to BU.  The record, as a whole, does not support the

allegations of the Trustee against the Defendants for breach of fiduciary duty.  Accordingly,

summary judgment in favor of the Defendants on this claim is appropriate.

> II.    Insufficient Evidence Exists to Establish Any Legal Justification for Piercing the Corporate Veil of BU.

Kentucky courts view veil piercing as an equitable remedy that allows a court to impose

personal liability on otherwise immune corporate officers, directors and shareholders for the

corporation's wrongful acts.  *Howland v. Beads and Steeds Inns, LLC (In re Howland)*, 516 B.R.

163, 167 (Bankr. E.D. Ky. 2014).  It is an equitable remedy, not a separate cause of action.  *Id.*,

citing *Daniels v. CDB Bell, LLC*, 300 S.W.3d 204, 211 (Ky. App. 2009).  Regardless, there is no

evidence to support any claim of liability against the Defendants requiring piercing the corporate

veil.

The Trustee relies on *Inter-Tel Technologies, Inc. v. Linn Station Properties, LLC*, 360

S.W.3d 152, 165 (Ky. 2012) in support of this claim.  In that case, the Kentucky Supreme Court

explained the doctrine of piercing the corporate veil as follows:

> A Kentucky trial court may proceed under the traditional alter ego formulation or the instrumentality theory because the tests are essentially interchangeable.  Each resolves to two dispositive elements: (1) domination of the corporation resulting in a loss of corporate separateness and (2) circumstances under which continued recognition of the corporation would sanction fraud or promote injustice.

*Inter-Tel Technologies*, 360 S.W.3d at 165.

Carroll was the sole shareholder of BU.  There is no evidence to support a theory of piercing

the corporate veil against him.  BU was not undercapitalized.  There is no evidence that the

corporate form of BU was disregarded by Carroll or Martin in an effort to defraud anyone.  As

discussed in Section I above, the loans from Sunnyview, TR and Doris were properly documented and did not benefit any of the Defendants.  The facts of this case viewed in the light most favorable to the Trustee do not provide any basis to pierce the corporate veil against any of the Defendants.  There is no credible evidence to support the allegations of Count II of the Complaint against the Defendants.  For these reasons, the Defendants Motion for Summary Judgment on Count II of the Complaint must be granted.

III.    There is no Basis to Recharacterize the Claims of Doris, Sunnyview and TR as Equity or to Disallow Their Claims.

In Count VII of the Complaint, the Trustee asserts that the claims of Doris, Sunnyview and TR should be recharacterized as equity and that their claims should be disallowed.  Initially, this claim is based on the Trustee's claim of breach of fiduciary duties by the Defendants.  As provided in Section I herein, the claim is not supported by the undisputed facts and fails as a matter of law.

Next, the Trustee asserts that Doris and Chris are insiders of BU under 11 U.S.C. § 101(31) and based on their conduct, directly or through Sunnyview and TR, their claims should be equitably subordinated.  The mere fact of an insider relationship between a debtor and a claimant is insufficient to warrant equitable subordination of a claim.  *Bayer Corp. V. MascoTech, Inc. (In re Auto Style Plastics, Inc.)*, 269 F.3d 726, 745 (6th Cir. 2001).  The insider-creditor must actually use its power to control to its own advantage or to other creditors' detriment.  *Id.*  Again, the undisputed facts do not support a claim against Doris or Chris even if they meet the definition of an insider under the statute.  There is no evidence that they used their power in such a way that they engaged in inequitable conduct.

Sunnyview and TR are limited liability corporations.  They are not individuals and do not meet the definition of insiders under 11 U.S.C. § 101(31)(B).  If considered to be corporations, none of the entities meet the definition of a "insider".  Also, although entities that do not fit the statutory definition of an insider may be classified as "nonstatutory insiders," there is no evidence before the Court to demonstrate that loans by these entities to BU were not arms length transactions.  *See Spradlin v. Monbear Coal, LLC (In re Licking River, LLC)*, 571 B.R. 241, 253 (Bankr. E.D. Ky. 2017).  Each of the loans were properly documented and there is no evidence that any Defendant, either benefitted from the loans or engaged in wrongdoing that allowed any claim being paid before any other creditor.

Equitable subordination must be based on inequitable conduct or treatment.  *Auto Style*, 269 F.2d at 745.  The Court has no reason to disallow any of these claims.  There simply is no evidence that these Defendants, acting either as insiders or otherwise, committed any acts that give rise to a claim of equitable subordination of their claims.  Accordingly, the Court will grant the Defendants' Motions for Summary Judgment on this claim also.

## CONCLUSION

For all of the above reasons, the Court will enter the attached Order **GRANTING** summary judgment in favor of the Defendants Doris M. Cogan, Christopher G. Cogan, CFA Sunnyview, LLC, Tigers and Rockets, LLC and Martin Cogan, Executor of the Estate of Carroll G. Cogan.  An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 24, 2020

-13-

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO.  15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO.  17-3070 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARROLL F. COGAN, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Motion for Summary Judgment of Defendants Doris M. Cogan, Christopher G. Cogan, CFA Sunnyview, LLC, Tigers and Rockets, LLC and Martin Cogan, Executor of the Estate of Carroll G. Cogan, be and hereby is, **GRANTED**.  There are no genuine issues of material fact and the Defendants are entitled to Judgment in their favor on all claims asserted against them in the Complaint as a matter of law.

Joan A. Lloyd
United States Bankruptcy Judge
Dated:  January 24, 2020