UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
| Debtor(s) | ) | |
| | ) | |
| ROBERT W. KEATS, as the | ) | AP NO. 17-03070 |
| Chapter 7 Trustee | ) | |
| | ) | |
| Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CARROLL F. COGAN, *et al.* | ) | |
| | ) | |
| Defendant(s) | ) | |

## MEMORANDUM-OPINION

This matter is before the Court on the Bill of Costs Submitted by Defendants CFA Sunnyview, LLC, Christopher G. Cogan, Doris M. Cogan, Martin G. Cogan, Executor of the Estate of Carroll G. Cogan, Tigers and Rockets, LLC, as well as the Bill of Costs submitted by Martin G. Cogan, individually. The Court considered both Bills of Costs, the Objection to both Bills of Costs by Plaintiff Robert W. Keats, Trustee of the Estate of Bullitt Utilities, Inc. ("BU") and the comments of counsel at the hearing held on the matter. For the following reasons, the Court will enter an Order awarding the Defendants their Bills of Costs.

## FACTUAL BACKGROUND

On November 22, 2017, Plaintiff Robert W. Keats ("Keats") filed an eight count Complaint against Defendants. BU suffered a catastrophic failure of its wastewater treatment plant in Bullitt

County, Kentucky on March 29, 2014 resulting in over 250,000 gallons of raw and under treated sewage released into a public waterway. As a result of the failure, two of BU's creditors filed a Chapter 7 Involuntary Petition against BU. BU later initiated Adversary Proceeding 17-03072 against Bullitt County Sanitation District ("BCSD") seeking to recover damages resulting from the failure of the wastewater treatment plant.

On April 30, 2019, following a trial on the Trustee's Complaint against BCSD, this Court entered a Judgment in the amount of $2,789,436.23 in favor of BU on its Complaint in A. P. 17-03072, on its claims for breach of contract and breach of fiduciary duties owed to BU and its creditors by BCSD.

In this adversary proceeding, Keats asserted claims against the individual Defendants for breach of fiduciary duties as officers and directors of BU and against the corporate Defendants for fraudulent transfers.

On January 24 and 28, 2020, this Court entered summary judgment in favor of all Defendants as a matter of law on all claims asserted against them by Keats in the Complaint.

On February 7, 2020, Defendant Martin G. Cogan, individually and the remaining Defendants submitted separate Bills of Costs against the Trustee following entry of summary judgment in their favor.

Defendant Martin G. Cogan, individually seeks costs of $281.00, consisting of $100 for costs associated with the taking of depositions and $181.00 for filing fees paid to the Clerk of the U.S. Bankruptcy Court.

The remaining Defendants seek costs totaling $3,886.45, consisting of $181.00 for fees paid to the Clerk of the U.S. Bankruptcy Court, $3,349.95 for fees of a court reporter for transcripts used

in this case, $211.62 for fees and disbursements for copies and $143.88 for costs incident to the taking of depositions. The Defendants also provided receipts for reporting services for five depositions, copies and costs incident to the taking of the depositions.

## LEGAL ANALYSIS

Pursuant to Fed. R. Bankr. P. 7054(d)(1), unless a federal statute, the procedural rules or a court order provides otherwise, costs, other than attorney's fees, should be allowed to the prevailing party. As the prevailing party in this adversary proceeding, Defendants may recover costs as provided under this Rule. However, unlike Fed. R. Civ. P. 54, which allows costs, "unless the court otherwise direct," Fed. R. Bankr. P. 7054(b) gives the Bankruptcy Court discretion in the award of costs. *Pioneer Credit Co. v. Mostoller (In re Security Funding, Inc.)*, 234 B.R. 398, 400 n. 2 (Bankr. E.D. Tenn. 1999); *D & B Countryside, LLC*, 217 B.R. 72, 75 (Bankr. E.D. 1998).

A court may only tax those costs authorized by statute. Congress drafted 28 U.S.C. § 1920 to cover those items which may be taxed as costs. The Supreme Court holds that the statute is to be construed narrowly. *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 444-45 (1987); *In re D & B*, 217 B.R. at 76. In *D & B*, the Court held that witness fees and docket fees are recoverable under 28 U.S.C. § 1923. Costs for reimbursement of fees relating to depositions are generally allowed when the taking of the depositions are "reasonably necessary" at the time of their taking. *D & B*, 217 B.R. at 78-79. The Court finds the requested costs herein related to the depositions and filing fees are recoverable.

The Trustee contends that in bringing this adversary proceeding against the Defendants, the Trustee acted in good faith and that the presumption of good faith overcomes any presumption in favor of an award of costs, citing *Callahan v. Steinaway*, 2014 U.S. App. LEXIS 23005 at 3 (6th Cir.

June 13, 2014). Good faith, without more, however, is an insufficient basis for denying costs to a prevailing party. *Coyne-Delany v. Capital Development Bd. of Ill.*, 717 F.2d 385, 390 (7th Cir. 1983). The good faith that a losing party demonstrates in filing, prosecuting or defending an action is a relevant factor that may be considered, but in the absence of other relevant factors, is an insufficient basis for denying costs. *In re White & White, Inc. v. American Hospital Supply Corp.*, 782 F.2d 728, 731 (6th Cir. 1986).

The Court finds that the Trustee believes he proceeded with this case in good faith. However, considering the lengthy litigation the Trustee successfully brought against the BCSD for its breach of contract with BU resulting in over a $2,000,000 Judgment in his favor, the Court questions the reason for pursuing this adversary proceeding against the officers and directors of BU with so little evidentiary basis. In any event, without additional grounds, other than the Trustee's claim of good faith in bringing the action, the Court finds the Defendants are entitled to recover those fees sought in their Bills of Costs.

## CONCLUSION

For all of the above reasons, the Court will award Defendants CFA Sunnyview, LLC, Christopher G. Cogan, Doris M. Cogan, Martin G. Cogan, Executor of the Estate of Carroll F. Cogan, Tigers and Rockets, LLC and Martin G. Cogan, individually, their Bills of Costs. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

*Joan A. Lloyd*
Joan A. Lloyd
United States Bankruptcy Judge
Dated: April 16, 2020

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
|     BULLITT UTILITIES, INC. | ) | CASE NO. 15-34000(1)(7) |
| | ) | |
|               Debtor(s) | ) | |
| | ) | |
|     ROBERT W. KEATS, as the | ) | AP NO. 17-03070 |
|     Chapter 7 Trustee | ) | |
| | ) | |
|               Plaintiff(s) | ) | |
| | ) | |
| v. | ) | |
| | ) | |
|     CARROLL F. COGAN, *et al.* | ) | |
| | ) | |
|               Defendant(s) | ) | |

## ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Martin G. Cogan, individually, is entitled to recover his costs in the amount of $281.00;

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendants CFA Sunnyview, LLC, Christopher G. Cogan, Doris M. Cogan, Martin G. Cogan, Executor of the Estate of Carroll F. Cogan, Tigers and Rockets, LLC are entitled to recover their costs in the amount of $3,886.45.

This is a final and appealable Order. There is no just reason for delay.

                                                                                   Joan A. Lloyd
                                                                                   United States Bankruptcy Judge
                                                                                   Dated: April 16, 2020